# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

HERBERT LEWIS McELROY,

    Petitioner,

-vs-                                      Case No. 8:14-cv-1083-T-36AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

This matter comes before the Court on Petitioner's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 ("petition") (Dkt. 1), Respondent's supplemental response (Dkt. 27), and Petitioner's supplemental reply (Dkt.29). Upon consideration, the petition will be DENIED.

## I. BACKGROUND

Petitioner was charged by Amended Information with nine drug-related charges (Counts 1 and 3-10), felonious possession of firearms (Count 2), and fleeing or eluding a law enforcement officer (Count 11) (Respondent's Ex. 1). On March 10, 2008, Counts 2 and 11 were severed from the remaining counts (Respondent's Ex. 11d, p. 11). After a jury trial on March 11, 2008, Petitioner was found guilty on Counts 1 and 4-10, and guilty of a lesser included offense on Count 3 (Respondent's Ex. 2). That same day he pleaded guilty to Count 2 (Respondent's Ex. 11).[1] On May 20, 2008, Petitioner filed a motion to withdraw the plea (Respondent's Ex. 11A), which was denied on October 7, 2008 (Respondent's Ex. 11B).

---

[1] Count 11 was *nolle prossed* by the State (Respondent's Ex. 5, p. 2 of Initial Brief).

On July 22, 2008, Petitioner was sentenced to 15 years on Counts 1 and 8, 10 years on Counts 4, 6, and 9, and 5 years on Counts 3, 5, 7, and 10 (Respondent's Ex. 3). He filed an Amended Notice of Appeal on September 3, 2008 (Respondent's Ex. 4). On October 22, 2008, he was sentenced to 15 years on Count 2 (Respondent's Ex. 11C). He did not file a notice of appeal with respect to Count 2. His trial based convictions and sentences were affirmed on appeal on November 10, 2010 (Respondent's Ex. 9). On November 17, 2010, Petitioner provided a Motion for Rehearing of the appellate court's decision to prison officials for mailing (Respondent's Ex. 8). That motion was received by the Florida Attorney General's Office on November 22, 2010 (*Id.*, p. 1). The motion, however, does not appear on the appellate court's docket (Respondent's Ex. 7). The appellate court mandate issued December 6, 2010 (Respondent's Ex. 10).

On November 24, 2010, Petitioner filed a motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure (Respondent's Ex. 11D). That motion was denied in part and dismissed in part on September 9, 2011 (*Id.*; Respondent's Ex. 30). Petitioner did not appeal the denial of that motion.

On November 27, 2011, Petitioner filed a motion for post-conviction relief under Rule 3.800, Fla.R.Crim.P. (Respondent's Ex. 12). That motion was denied (Respondent's Ex. 13) and affirmed on appeal (Respondent's Ex. 18). The appellate court mandate issued October 4, 2012 (Respondent's Ex. 18A).

On June 13, 2012, Petitioner filed a second Rule 3.850 motion (Respondent's Exs. 11D; 29). The motion was denied on August 2, 2012 (Respondent's Ex. 29). Petitioner did not appeal the denial of that motion.

On December 3, 2012, Petitioner filed a third Rule 3.850 motion (Respondent's Exs. 11D;

2

19). The motion was dismissed as successive (Respondent's Ex. 19). The dismissal of that motion was affirmed (Respondent's Ex. 23), and the appellate court mandate issued on March 27, 2014 (Respondent's Ex. 26).

On January 7, 2013, Petitioner filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel (Respondent's Ex. 27). The petition was dismissed as untimely on February 12, 2013 (Respondent's Ex. 28).

Petitioner filed his federal habeas petition in this court on May 2, 2014 (Dkt. 1). Respondent filed a limited response arguing that the petition was time-barred (Dkt. 17). The court granted the motion to dismiss solely to the extent that Ground One of the petition was dismissed as time-barred, and directed Respondent to file a supplemental response addressing Grounds Two, Three, and Four of the petition (Dkt. 26). Respondent filed a supplemental response (Dkt. 27), to which Petitioner replied (Dkt. 29).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

**A. Standard of Review Under the AEDPA**

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state

4

court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B. Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

own strategy. We are not interested in grading lawyers' performances; we are
interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

**C. Exhaustion of State Remedies and Procedural Default**

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. See § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845.)

To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its' prisoners federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State. . .if he has the right under the law of the State to raise, by any available procedure, the question presented."

6

*Pruitt*, 348 F.3d at 1358. The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 *U.S.C. § 2254(b)(1); Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or simply by labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). The petitioner must show at least a reasonable probability of a different outcome. *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted

claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier,* 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

**III. ANALYSIS**[3]

**Ground Two**

Petitioner alleges his sentence is illegal under Florida law because he does not meet the statutory criteria for designation as a habitual felony offender (HFO) under Fla. Stat. § 775.084. In support of his claim, Petitioner states that the trial court improperly used a prior conviction for possession of cannabis to enhance his sentence as an HFO. Petitioner raised this claim in his Rule 3.800(a) motion (Respondent's Ex. 12). The trial court denied the claim, finding that Petitioner qualified as an HFO because he had at least two prior felony convictions committed within the preceding five years (Respondent's Ex. 13). The appellate court affirmed (Respondent's Ex. 18).

Respondent contends that Petitioner's claim that he does not qualify as an HFO, simply involves a state court's interpretation and application of Florida law. This court agrees. Petitioner does not expressly allege a federal constitutional violation in Ground Two. Federal habeas relief may only be granted on the basis that a state prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Therefore, a claim that only involves an

---

[3] Notwithstanding additional argument by Respondent (Dkt. 27, pp. 4-12), the Court's prior conclusion that Grounds Two, Three, and Four are not time-barred has not changed.

8

issue of state law is not cognizable in a federal habeas proceeding. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). It is well-settled in this circuit that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. *Id*.

State courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters. *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997). In this case, the state appellate court's affirmance on appeal from the denial of Petitioner's Rule 3.800 motion settles a matter of state law, namely, that Petitioner meets the statutory criteria for designation as a HFO.

Moreover, even liberally construing this claim as raising a federal issue, it is unexhausted because Petitioner failed to bring a federal claim when he raised this claim in state court (see Respondent's Exs. 12, 16). His argument relied solely on Florida law (*Id.*).

Because Petitioner cannot return to state court to present his federal claim, it is procedurally defaulted. *See Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001) ("If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established."). Petitioner has neither alleged nor shown either cause or prejudice that would excuse the default. Moreover, he has neither alleged nor shown the applicability of the actual innocence exception.

Accordingly, Ground Two does not warrant federal habeas relief.

**Ground Three**

In Ground Three, Petitioner raises two claims. In his first claim, Petitioner asserts that his

trafficking, sale, and possession of cocaine convictions are void because the statute under which this charge was filed, § 893.13, Fla. Stat., was subsequently declared unconstitutional by the district court decision in *Shelton v. Sec'y, Dep't of Corr.*, 802 F.Supp.2d 1289 (M.D. Fla. 2011). Petitioner is not entitled to relief. His claim is foreclosed by the Eleventh Circuit Court of Appeals' opinion in *Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348 (11th Cir. 2012), which reversed the district court decision upon which Petitioner relies. Because Petitioner's argument is based on a decision that has been vacated, this claim must fail.

In his second claim, Petitioner contends that counsel was ineffective in failing to argue that his convictions for sale of cocaine and possession of the same cocaine violate double jeopardy. Respondent argues that this claim is unexhausted and now procedurally defaulted because although Petitioner raised it in his June 2012 Rule 3.850 motion, he did not appeal the order denying that motion. The Court agrees.

Before presenting federal constitutional claims to a federal court in a habeas petition, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. In Florida, exhaustion requires not only the filing of a post-conviction motion, but an appeal from its denial. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (11th Cir. 1979). Petitioner did not appeal the denial of his June 2012 Rule 3.850 motion (*see* Respondent's Ex. 29). Therefore, this claim is unexhausted. And, because Petitioner may not now return to state court to appeal the denial of his Rule 3.850 motion, the claim is procedurally defaulted. Petitioner has not overcome

this procedural default by showing cause and prejudice, or a fundamental miscarriage of justice.[4]

Accordingly, Ground Three does not warrant federal habeas relief.

**Ground Four**

Petitioner contends that counsel was ineffective in failing to pursue a defense of subjective entrapment. Respondent argues that this claim is procedurally defaulted because the state post-conviction court applied a state procedural bar finding that Petitioner should have raised the claim in his initial two Rule 3.850 motions and not an unauthorized successive Rule 3.850 motion (*see* Respondent's Ex. 20). The court agrees.

A federal court must dismiss those claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In state court, Petitioner raised this claim in his third Rule 3.850 motion (Respondent's Ex. 19). The state court dismissed the third Rule 3.850 motion, concluding it was successive (Respondent's Ex. 20). Accordingly, this claim is procedurally barred from review unless Petitioner establishes one of the two exceptions to the procedural default rule. *See* Fla. R. Crim. P. 3.850(f) (2012) ("A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules."); *Jackman v. State*, 88

---

[4]Even if the claim were not procedurally defaulted, it would fail on the merits. *See State v. McCloud*, 577 So. 2d 939, 940 (Fla. 1991) (convictions for possession and sale of the same contraband do not violate principles of double jeopardy); *Tyler v. State*, 107 So. 3d 547, 551 (Fla. 1st DCA 2013) ("where a defendant has been convicted of simple possession of a controlled substance and sale of the same substance, in violation of applicable subsections of section 893.13, Florida Statutes (2010), double jeopardy prohibitions have not been violated.").

So. 3d 325, 327 (Fla. 4th DCA 2012) ("Successive motions are generally prohibited and should not be allowed when the grounds alleged were known or could have been known at the time of the first motion. . . .If a successive motion amounts to an abuse of process, it may be dismissed.") (citations omitted); *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 n. 25 (11th Cir.2005) ("This Court has already concluded that the procedural requirements of Florida's Rule 3.850 constitute independent and adequate state grounds under the applicable law.") (citing *Whiddon v. Dugger*, 894 F.2d 1266, 1267-68 (11th Cir.1990)).

Petitioner has not alleged or shown either cause or prejudice that would excuse the default. Likewise, he has not shown the applicability of the actual innocence exception. He therefore has failed to satisfy either of the exceptions to the procedural default bar. Accordingly, Ground Four is procedurally barred and must be dismissed.

Any of Petitioner's claims not specifically addressed herein have been determined to be without merit.

Accordingly, it is **ORDERED** that:

1. Grounds Two, Three, and Four of the petition for a writ of habeas corpus (Doc. No. 1) are **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment accordingly and is directed to close this case.

3. This court should grant an application for a Certificate of Appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner cannot make this showing.[5] Accordingly, a Certificate of Appealability is

---

[5]Pursuant to Rule 11 of the Rules Governing Section 2254 Cases In the United States District Courts,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments

**DENIED** in this case.  And because Petitioner is not entitled to a Certificate of Appealability, he is not entitled to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on September 18, 2017.

Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner *pro se*; Counsel of Record

---

on whether a certificate should issue. . . .If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.